**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BEAVER RESOURCES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-215 |
| | ) | Judge Nora Barry Fischer |
| WILLIAM BRAWAND, | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 22nd day of July, 2014, upon consideration of the various motions filed by the parties in the above-captioned matter which are presently pending before the Court, (Docket Nos. [165], [169], [170], [173], [178], [181], [185], [187]), the various briefs in opposition thereto (Docket Nos. 187, 188), the long and contentious history of the litigation between the parties before former Chief Judge Sean J. McLaughlin and the undersigned in this federal case, as well as the state court litigation which the parties have cited repeatedly and at length throughout these proceedings, and finding that the relief sought via the pending motions are neither supported by law nor appropriately awarded in light of all of the facts and circumstances of this case,

IT IS HEREBY ORDERED that:

1. Mr. Albert Beaver, Jr.'s Motions to Appear Specially and/or to Substitute Counsel for the purpose of pursuing sanctions (Docket No. [170], [185]) are DENIED because: (1) former Chief Judge McLaughlin's prior ruling precluding Mr. Beaver from representing Plaintiff due to his analysis of these circumstances in light of Rule 3.7 of the Pennsylvania Rules of Professional Conduct remains the law of the case and Mr. Beaver has not demonstrated "extraordinary circumstances" sufficient for the Court to

reconsider that ruling nearly three full years after it was made, *see Lesende v. Borrero*, 752 F.3d 324, 338-39 (3d Cir. 2014); (2) as a corporate entity, Plaintiff Beaver Resources Corporation cannot proceed *pro se* through its corporate representative, Mr. Beaver, *see* 28 U.S.C. § 1654; and, (3) Mr. Biasiello remains counsel of record for Plaintiff and the Court "is not obligated to consider *pro se* motions by represented litigants," *Pagliaccetti v. Kerestes*, 948 F. Supp. 2d 452, 457 (E.D. Pa. 2013);

2. Accordingly, Plaintiff's Motions for Sanctions (Docket Nos. [178], [181]) are STRICKEN from the record for the same reasons. In any event, the Court further finds that the Motions for Sanctions are procedurally defective because the safe harbor provisions of Rule 11(c)(2) have not been met and the sanctions sought due to an alleged failure of proof of an affirmative defense asserted by Defendant are otherwise without merit;

3. **Any further submissions by Mr. Beaver will be stricken from the record**;

4. Defendant's Motions for Contempt (Docket Nos. [165], [169], and [173]) are DENIED as the Court finds that such Motions are likewise without merit. To this end, the Court agrees with Plaintiff's position in response to the first Motion for Contempt (Docket No. 165) that the Court encouraged the parties to engage in continuing settlement negotiations amongst themselves and does not believe that Mr. Beaver's efforts to attempt to settle the matter with Mr. Brawand, an individual he has known for longer than the twenty-five plus years they have been litigating these disputes, amounts to a violation of the prior order or arises to a level sufficient to substantiate a sanction of contempt. Likewise, the Court does not believe that Mr.

Beaver's contacting the Prothonotary in Elk County to obtain documents he believes are useful to this litigation arise to contemptuous activities such that the second Motion for Contempt (Docket No. 169) is denied. Finally, with respect to the Third Motion for Contempt (Docket No. 173), although Mr. Beaver's pursuit of the sanctions motions and attempts to appear "specially" are clearly improvident, made without counsel and are wholly without merit, all of Mr. Beaver's activities took place after Defendant Brawand initiated these contentious and protracted proceedings by filing the first two unsupported motions for contempt at which point this matter divulged into a flurry of reckless motions filed by Mr. Beaver. Therefore, Defendant's Motions are denied.

IT IS FURTHER ORDERED that the parties and counsel shall avoid any future filings of this nature because such litigation conduct is intolerable and distracts from the duties of the Court and the parties to secure the "just, speedy, and inexpensive determination of" this case, whether it result in a final adjudication through a dispositive motion or at trial; and,

FINALLY, IT IS ORDERED that the Court's Telephone Status Conference set for Wednesday, July 23, 2014 at 11:00 a.m. remains as scheduled.

*/s Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.

3