# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEAVER RESOURCES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-215 |
| ) | Judge Nora Barry Fischer |
| WILLIAM BRAWAND, ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

I. INTRODUCTION

Presently before the Court is a Motion for Leave to Appeal filed by Albert Beaver, Jr., Esquire on behalf of Plaintiff Beaver Resources Corporation on August 22, 2014. (Docket No. [196]).[1] For the following reasons, Mr. Beaver's Motion for Leave to Appeal is stricken from the record as it was filed in direct violation of this Court's July 22, 2014 Order, the Court grants the motion of Mr. Timothy Biasiello, Esquire to withdraw as counsel and this case will be dismissed, with prejudice, for failure to prosecute based on the Court's consideration and weighing of the all of the factors under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

II. RELEVANT BACKGROUND

This is a case involving disputes over the ownership of oil and gas interests located in Elk County, Pennsylvania and outstanding royalties regarding same between Plaintiff Beaver Resources Corporation and Defendant William Brawand which was filed in federal court on July 29, 2008. (Docket No. 1). Until recently, when the case was dismissed for failure to prosecute by the Court of Common Pleas of Elk County, these parties and related individuals/entities had

---

[1] A second very similar Motion was also filed by Mr. Beaver on August 22, 2014 but was appropriately terminated by the Clerk of Court as a duplicate entry.

been involved in similar litigation for over two decades in what appears to be a feud between the two participating families. (*See* Docket No. 161).

Mr. Beaver is an attorney, admitted to practice law in the U.S. District Court for the Western District of Pennsylvania. (Docket No. 196). However, he is also the sole shareholder of Plaintiff Beaver Resources Corporation and the only living representative of such corporation who is able to testify about the facts of this decades-long dispute with Defendant William Brawand concerning three oil/gas wells located in Elk County, Pennsylvania. (Docket No. 114). To this end, Mr. Beaver was the only fact witness deposed by Defendant during discovery. (*Id.*). Former counsel for Plaintiff, Paul Burroughs, Esquire withdrew as counsel around March of 2011 due to disagreements with Mr. Beaver. This case was originally listed for trial to commence nearly than three years ago, in September of 2011. Mr. Beaver entered an appearance on behalf of the corporation in July of 2011, purporting to act as counsel at the trial. At that time, former Chief Judge Sean J. McLaughlin held that Mr. Beaver was a necessary witness at trial, denied a motion to quash the trial subpoena served on him by Defendant and dismissed this case for failure to prosecute after Plaintiff, through its representative Mr. Beaver, failed to obtain new counsel to represent the corporation within the period of <u>six months</u> which had been afforded to him by the Court. (*Id.*). Judge McLaughlin's stated reasons for dismissing the case are fully set forth in his bench opinion dated August 8, 2011 and incorporated herein. (Docket No. 114).

The case was reopened by Judge McLaughlin in October of 2011 upon the withdrawal of appearance by Mr. Beaver and the entry of appearance on behalf of Plaintiff by Mr. Biasiello, Esquire an Illinois lawyer based in Chicago, after Mr. Biasiello offered assurances to the Court that he was trial counsel and was prepared to try the case. (Docket No. 121). During this

conference, Judge McLaughlin reiterated that it was "preposterous" that Mr. Beaver would even contest the fact that he was a necessary witness at trial. (*Id.* at 3-4). Mr. Biasiello agreed, stating "Judge, I couldn't agree more, it was ridiculous. [Mr. Beaver's] judgment was poor and he made – I think he took up the court's time and I think the court became very frustrated with him, and I can't blame the court." (*Id.* at 4). The case was not re-listed for trial immediately in order to give Mr. Biasiello time to get up to speed on the case and presumably because the trial date had been lost due to the prior dismissal of the case. Judge McLaughlin also granted a petition for attorneys' fees filed by Defendant and awarded Defendant $1,644.85 in fees and costs due to Mr. Beaver's behavior. (Docket No. 120).

The case remained relatively stagnant during the time frame between Mr. Biasiello's entry of appearance in October of 2011 and the reassignment of the case to the undersigned after Judge McLaughlin stepped down from the bench in August of 2013. To this end, the parties litigated a *Daubert* motion challenging Plaintiff's expert witness Roy Pittman, which the Court granted, in part, and denied, in part at a hearing. (Docket No. 135). Judge McLaughlin scheduled the case for trial in his January 2014 trial term after a pretrial conference was held on June 28, 2013. (Docket No. 138).

Upon reassignment to this Court in August of 2013, the parties were ordered file a series of status reports and also filed motions for extensions of same wherein they repeatedly advised that they were working toward a resolution of the case. (Docket Nos. 140, 144, 146, 148, 149). This Court held a telephonic status conference with counsel for the parties on January 23, 2014 and expressed its displeasure upon receiving a report that the case had not yet been resolved. Mr. Biasiello advised that he was going to seek leave to withdraw as counsel but after some discussion, he agreed to stay on and to participate in a settlement conference with the Court to

3

attempt to get the matter resolved. (Docket Nos. 150, 152). The Court ordered all parties and counsel to appear, in person for such settlement conference. (Docket No. 151). Despite the Court's Order, Mr. Beaver attempted to appear by telephone, which the Court denied. (Docket Nos. 153, 154). The Court rescheduled the matter multiple times due to Mr. Beaver's health problems and his alleged inability to travel during the winter from his home in upstate Wisconsin to Pittsburgh for the conference. (Docket Nos. 154, 157).

The Court finally convened the settlement conference with the parties and counsel on April 22, 2014 but the case was not resolved. (Docket No. 160). The Court told the parties and counsel that it intended to trifurcate the trial on the issues of statute of limitations; abandonment and damages and would permit briefing on the effect, if any, of an expected ruling in the state court litigation on this federal action. (Docket No. 160). Mr. Biasiello again stated that he intended to withdraw as counsel and the Court ordered that it would not grant any motion to withdraw until Plaintiff was able to obtain substitute counsel. (Docket No. 160). After the conference, the Court was advised via a status report that the state court had issued an Opinion and Order dismissing the case for non-pros, i.e., failure to prosecute by Mr. Beaver. (Docket No. 161).

Mr. Biasiello filed a motion to withdraw as counsel for Plaintiff on May 19, 2014, which the Court denied, without prejudice, to him re-filing same upon the entry of substitute counsel, and also ordered Plaintiff to find new counsel by June 19, 2014. (Docket Nos. 163, 164). In the interim, Defendant filed a motion for contempt against Plaintiff, arguing that Mr. Beaver had violated Judge McLaughlin's Order by acting as counsel for Plaintiff in attempts to settle the case. (Docket No. 165). In a status report filed on June 20, 2014, Mr. Biasiello advised that Plaintiff had not obtained substitute counsel despite efforts to do so and requested that the Court

extend the deadline for Plaintiff to respond to the motion for contempt due to counsel's previously scheduled vacation out of the country. (Docket Nos. 166, 167, 168). The Court granted both requests and ordered that the response was due by July 18, 2014. (Docket No. 168).

Despite the Court's Orders, while Mr. Biasiello was out of the country on vacation, Mr. Beaver filed a series of motions seeking sanctions against Defendant. Defendant countered by filing two additional motions for contempt. This Court then issued the following Order on July 22, 2014:

### **ORDER OF COURT**

AND NOW, this 22nd day of July, 2014, upon consideration of the various motions filed by the parties in the above-captioned matter which are presently pending before the Court, (Docket Nos. [165], [169], [170], [173], [178], [181], [185], [187]), the various briefs in opposition thereto (Docket Nos. 187, 188), the long and contentious history of the litigation between the parties before former Chief Judge Sean J. McLaughlin and the undersigned in this federal case, as well as the state court litigation which the parties have cited repeatedly and at length throughout these proceedings, and finding that the relief sought via the pending motions are neither supported by law nor appropriately awarded in light of all of the facts and circumstances of this case,

IT IS HEREBY ORDERED that:

1. Mr. Albert Beaver, Jr.'s Motions to Appear Specially and/or to Substitute Counsel for the purpose of pursuing sanctions (Docket No. [170], [185]) are DENIED because: (1) former Chief Judge McLaughlin's prior ruling precluding Mr. Beaver from representing Plaintiff due to his analysis of these circumstances in light of Rule 3.7 of the Pennsylvania Rules of Professional Conduct remains the law of the case and Mr. Beaver has not demonstrated "extraordinary circumstances" sufficient for the Court to reconsider that ruling nearly three full years after it was made, see *Lesende v. Borrero*, 752 F.3d 324, 338-39 (3d Cir. 2014); (2) as a corporate entity, Plaintiff Beaver Resources Corporation cannot proceed *pro se* through its corporate representative, Mr. Beaver, *see* 28 U.S.C. § 1654; and, (3) Mr.

Biasiello remains counsel of record for Plaintiff and the Court "is not obligated to consider *pro se* motions by represented litigants," *Pagliaccetti v. Kerestes*, 948 F. Supp. 2d 452, 457 (E.D. Pa. 2013);

2. Accordingly, Plaintiff's Motions for Sanctions (Docket Nos. [178], [181]) are STRICKEN from the record for the same reasons. In any event, the Court further finds that the Motions for Sanctions are procedurally defective because the safe harbor provisions of Rule 11(c)(2) have not been met and the sanctions sought due to an alleged failure of proof of an affirmative defense asserted by Defendant are otherwise without merit;

3. **<u>Any further submissions by Mr. Beaver will be stricken from the record</u>**;

4. Defendant's Motions for Contempt (Docket Nos. [165], [169], and [173]) are DENIED as the Court finds that such Motions are likewise without merit. To this end, the Court agrees with Plaintiff's position in response to the first Motion for Contempt (Docket No. 165) that the Court encouraged the parties to engage in continuing settlement negotiations amongst themselves and does not believe that Mr. Beaver's efforts to attempt to settle the matter with Mr. Brawand, an individual he has known for longer than the twenty-five plus years they have been litigating these disputes, amounts to a violation of the prior order or arises to a level sufficient to substantiate a sanction of contempt. Likewise, the Court does not believe that Mr. Beaver's contacting the Prothonotary in Elk County to obtain documents he believes are useful to this litigation arise to contemptuous activities such that the second Motion for Contempt (Docket No. 169) is denied. Finally, with respect to the Third Motion for Contempt (Docket No. 173), although Mr. Beaver's pursuit of the sanctions motions and attempts to appear "specially" are clearly improvident, made without counsel and are wholly without merit, all of Mr. Beaver's activities took place after Defendant Brawand initiated these contentious and protracted proceedings by filing the first two unsupported motions for contempt at which point this matter divulged into a flurry of reckless motions filed by Mr. Beaver. Therefore, Defendant's Motions are denied.

    IT IS FURTHER ORDERED that the parties and counsel shall avoid any future filings of this nature because such litigation conduct is intolerable and distracts from the duties of the Court and the parties to secure the "just, speedy, and inexpensive determination of" this case, whether it result in a final adjudication through a dispositive motion or at trial; and,

FINALLY, IT IS ORDERED that the Court's Telephone Status Conference set for Wednesday, July 23, 2014 at 11:00 a.m. remains as scheduled.

(Docket No. 190).

The Court then held a telephone status conference with counsel for the parties on July 23, 2014. (Docket No. 193). Mr. Beaver did not participate in the conference but his counsel,[2] Mr. Biasiello, appeared and argued that the case should be stayed while Plaintiff attempted to secure new counsel, a position to which Defendant objected through his counsel. (*Id.*). At the conclusion of the conference, the Court entered the following Order:

> AND NOW, this 23rd day of July, 2014, after consultation with counsel for the parties during a Telephone Status Conference held on this date, and further consideration of the Motion to Withdraw (Docket No. [163]) previously filed by Plaintiff's counsel, wherein counsel has set forth "good cause" to withdraw from this litigation, but the Court has ordered that said motion cannot be granted without the entry of appearance of a new attorney to represent Plaintiff Beaver Resources Corporation, (Docket No. [164]), and upon receipt of a status report that Plaintiff Beaver Resources Corporation has not obtained new counsel to represent it in this matter, despite the Court's prior Order directing it to do so by June 19, 2014 (Docket No. [164]), and all of the facts and circumstances of this litigation, as noted in this Court's July 22, 2014 Order (Docket No. [190]), including the prior Orders of former Chief Judge Sean J. McLaughlin,
>
> IT IS HEREBY ORDERED that Plaintiff Beaver Resources Corporation shall obtain new counsel within 30 days and said new counsel shall enter his or her appearance on the Court's Docket by Monday, August 25, 2014 at 12:00 p.m.; and,
>
> IT IS FURTHER ORDERED that if Plaintiff Beaver Resources Corporation fails to obtain new counsel and said counsel enter his/her appearance on the Court's Docket by the established deadline of **August 25, 2014 at 12:00 p.m.**, this Court

---

[2] Mr. Biasiello advised on the record that he had told Mr. Beaver about the conference and that he was plainly aware of same.

7

will grant Mr. Biasiello's Motion to Withdraw and this case will be dismissed for failure to prosecute.

(Docket No. 194).

On Friday, August 22, 2014, Mr. Beaver filed the present Motion for Leave to Appeal in contravention of this Court's July 22, 2014 Order. (Docket Nos. 195, 196). As of the Court's deadline of 12:00 p.m. of August 25, 2014, no attorney had entered an appearance on behalf of Plaintiff Beaver Resources Corporation. (*See generally* Docket Report 8/25/14).

III. MOTIONS FOR LEAVE TO APPEAL/WITHDRAW AS COUNSEL

In light of the Court's prior directive, the Motion for Leave to Appeal filed by Mr. Beaver is hereby STRICKEN from the record as Mr. Beaver is not authorized to appear as an attorney on behalf of Plaintiff in this case and his filing of said Motion violates the Court's July 22, 2014 Order. In any event, leave to appeal the Court's July Orders is both premature and unnecessary, given the Court's dismissal of this case for reasons explained below.

The Court also grants the Motion from Mr. Biasiello seeking leave to withdraw as counsel of record for Plaintiff as his Motion and the course of this litigation in general demonstrates that there remain significant disputes between Mr. Biasiello and Plaintiff's representative, Mr. Beaver. (Docket No. 163). To this end, Mr. Biasiello has more than persuaded this Court that he and Mr. Beaver share "fundamental disagreement[s]" about the course of this litigation and that Mr. Beaver's insistence on engaging in continuing behavior in clear violation of Court orders and directives is sufficient to permit the withdrawal as his conduct is "repugnant" to counsel, the opposing party, the Court and to the administration of justice. *See* PA. R. PROF. CONDUCT 1.16(b)(4). The Court also believes that the continued representation of Plaintiff by Mr. Biasiello would require that he and his law firm incur significant financial costs to continue to participate due to his location in Chicago, Illinois. *See* PA. R. PROF. CONDUCT

1.16(b)(6). Further, this Court believes that it would be wholly unreasonable to require Mr. Biasiello to remain as counsel in this case due to the fact that he has desired to withdraw as counsel in this case since at least January of this year, is not presently being compensated due to a contingent fee arrangement with Plaintiff and Mr. Beaver has refused to settle the matter, despite considerable efforts by Mr. Biasiello at negotiating a resolution.

Accordingly, the Court grants the Motion to Withdraw and now turns to the dismissal of this action for failure to prosecute.

IV. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a plaintiff's case for failure to prosecute. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In determining whether dismissal is warranted, this Court must consider the following factors: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. It is well-settled that although a court must weigh each of the six factors, it is not necessary to find that all six factors are present prior to dismissing the action. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). The Court now evaluates each of the relevant factors.

*A. Party's Personal Responsibility*

Mr. Beaver is the sole representative of Plaintiff and the failure to prosecute this case by finding a substitute lawyer by the Court's deadline is unquestionably the personal responsibility

9

of Mr. Beaver. Mr. Beaver has been on notice of the intentions of Mr. Biasiello to withdraw since at least April 22, 2014, the date of the settlement conference. (Docket No. 160). This Court then ordered Plaintiff to find substitute counsel by **June 19, 2014** and he failed to procure counsel on behalf of his corporation by that deadline. (Docket No. 164). Instead, Mr. Beaver has engaged in contumacious behavior attempting to prosecute the case personally despite clear Orders of Court and the Rules of Professional Conduct, which preclude him from doing so. Simply put, four months have passed without the entry of new counsel and a practicing lawyer, Mr. Beaver, has not been able to obtain another lawyer to represent his corporation's interests in these proceedings, including trial.

This factor weighs strongly in favor of dismissal. *See Poulis*, 747 F.2d at 868.

### B. Prejudice to the Adversary

The Court next looks any prejudice to Defendant. In this context, prejudice generally equates to "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). However, "irremediable harm" is not required. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (holding that "irremediable harm" is not required). It is enough for a party to show that it has been unable to develop a litigation strategy to defend the case due to the failures of the opposition. *Cf. Ware,* 322 F.3d at 222 ("the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial.").

This case was listed for trial three years ago but the case has not been tried due to the delays and activities of Mr. Beaver, which can best be described as stall tactics. Defendant has been prejudiced to the extent that he has been required to incur significant litigation costs to

10

prepare for a trial which has yet to occur. Many of the potentially interested witnesses to this litigation (including the parents of both Mr. Beaver and Mr. Brawand) are now deceased. Despite same, Mr. Beaver still refuses to accept the Court's judgment that his appearance at trial on behalf of the corporation clearly violates the Rules of Professional Conduct.

In all, due to Mr. Beaver's behavior this litigation has become a veritable moving target for Defendant, making it very difficult and expensive to attempt to defend. *Cf. Ware,* 322 F.3d at 222. There is nothing in the record which would undermine this finding and based on this Court's involvement in the litigation, and its review of the matter before Judge McLaughlin, all indications are that Mr. Beaver's tactics would continue if the case is not dismissed. Accordingly, the Court finds that this factor weighs heavily in favor of Defendant.

### C. *History of Dilatoriness*

As the Court has fully discussed above, the record contains several instances of failures of Plaintiff and Mr. Beaver to comply with simple, direct Court Orders advising Plaintiff to obtain new counsel or the case would be dismissed for failure to prosecute. (Docket Nos. 114, 161, 194). The Court of Appeals has held that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court." *Poulis*, 747, F.2d at 686. Here, the Court's Order of July 23, 2014 included an express warning that the case would be dismissed for failure to prosecute if Plaintiff was non-compliant, and the July 22, 2014 Order stated that any future filings by Mr. Beaver personally would be stricken from the record, but the Orders have been ignored. (Docket Nos. 191, 194). Rather than addressing the Court's Orders, Mr. Beaver has filed his motion for leave to appeal, an apparent last ditch effort to save this litigation and force a favorable result. Plaintiff still is without counsel of record and there has

11

been no indication that any attorney is willing to take on the case. In this Court's opinion, this demonstrated "history of ignoring … time limits is intolerable." *Poulis*, 747 F.2d at 686.

Hence, the Court's weighing of this factor fully supports dismissal of this case.

### D. Wilfullness / Bad Faith

With respect to willfulness and bad faith, courts have recognized that neither can be established through mere negligence or inadvertent behavior but the same "involves intentional or self-serving behavior." *See Briscoe*, 538 F.3d at 262. For the same reasons, the Court finds that Mr. Beaver's behavior on behalf of Plaintiff has been intentional and self-serving. He has flaunted the Court's Orders and authority, despite the prior dismissal of this case by Judge McLaughlin and his imposition of sanctions on Plaintiff after reopening the case. (*See* Docket No. 114 at 17 ("As to historical dilatoriness, Mr. Beaver has been on notice for six months as to the necessity of obtaining counsel who could represent the corporate entity, and has failed to do so. This, in my view, is not inadvertent foot dragging, but was willful.")). Plaintiff has not located new substitute over a period of four months and was required to do so initially by June 19, 2014 and was extended until today, at 12:00 p.m. This is willful conduct by Mr. Beaver as it is clear that he has no real interest in pursuing this case other than through his own appearance. This fact is confirmed by Mr. Beaver's latest filing through which he seeks to appeal the Court's Order rather than to comply with same.

As such, this factor weighs in favor of dismissal.

### E. Effectiveness of Sanctions Other than Dismissal

With respect to this factor, the Court holds that no other alternative sanctions (including, potentially, a fine, assessment of costs or other sanction) would be appropriate given that Plaintiff was previously ordered to pay attorneys' fees due to similar behavior by Mr. Beaver.

Again, he is a practicing lawyer and should understand the seriousness of his conduct, which violates not only Court Orders but the Rules of Professional Conduct. Unfortunately, the punitive imposition of financial sanctions by Judge McLaughlin three years ago did not have the desired effect as Mr. Beaver has now made a third attempt to appear in this case, despite this Court having ordered that it would not reconsider the earlier ruling as recently as July 22, 2014.

Therefore, the Court believes that dismissal is the only appropriate sanction for the conduct here.

### F. Meritoriousness of Case

The final consideration under *Poulis* is the meritoriness of the case. *See Poulis*, 747 F.2d at 869-70. Although Judge McLaughlin previously ruled that the case survived summary judgment, in part, and listed the case for trial, the Court believes that Plaintiff's claims remain challenged by a very strong statute of limitations defense which Mr. Brawand intends to put forth at trial. Plaintiff's claims for damages are otherwise weak, at best. Further, the case is nearly six years old with no resolution in sight. As to a potential trial, Plaintiff's claims simply cannot be prosecuted with Mr. Beaver as its lawyer so they would fail immediately, if the case was listed for trial at this juncture. Finally, the parties have been unsuccessful in negotiating a resolution due, at least in part, to personality conflicts between Mr. Beaver and Mr. Brawand.

As a result, this factor likewise favors dismissal of the case.

### V. CONCLUSION

Based on the foregoing, and after a careful consideration of the six factors set forth in *Poulis* outlined above, this case is DISMISSED, with prejudice, for failure to prosecute. "Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or

court orders." *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). Such authority is consistent with Rule 1 of the Federal Rules of Civil Procedure, which counsels this court to administer its cases in order "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For the reasons set forth above, Mr. Beaver's behavior in this litigation as the sole representative of Plaintiff has thwarted the advancement of this litigation, wasted time, increased costs to all parties involved, and abused scarce judicial resources in an effort to support Plaintiff's marginal legal claims, all of which strongly counsels this Court to dismiss this case, with prejudice.

    An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: August 25, 2014

cc/ecf: All counsel of record.